IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-257-RJC-DCK

| | |
|---|---|
| RACHEL CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| CHARLOTTE COUNTRY DAY, ) | |
| ALADDIN FOOD SERVICES, EVELYN ) | |
| HILL, TRISH TREADWAY, OFFICER ) | |
| FNU JAMES, SHARON COTTON, FNU ) | |
| ITHEL, LEE-ANNE BLACK, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Dismiss Plaintiff's Complaint Pursuant To Rules 12(B)(1) And 12(C) Of The Federal Rules Of Civil Procedure" (Document No. 14) filed September 10, 2018. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

**I. BACKGROUND**

Plaintiff Rachel Carter ("Plaintiff" or "Carter"), appearing *pro se*, initiated this action with the filing of a form "Complaint" (Document No. 1) on May 15, 2018, pursuant to Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination. The Complaint identifies "Charlotte Country Day," "Aladdin Food Services," "Trish Treadway," "Evelyn Hill," "Officer James," "Ithel," "Sharon Cotton," Tamela Shakle," "Angela Hunter," and "Lee-Ann Black" as Defendants. (Document No. 1).

Attached to the Complaint is a "Dismissal And Notice Of Rights" (Document No. 1-1, p.1) issued by the U.S. Equal Employment Opportunity Commission (the "EEOC") to Plaintiff on March 7, 2018. Also attached is Plaintiff's EEOC "Charge Of Discrimination" (Document No. 1-1, p. 3), dated March 6, 2018, alleging discrimination based on religion on March 6, 2018. "Aladdin" is identified as the employer on the Charge Of Discrimination. (Document No. 1-1, p. 3). The Charge includes the following statement by Plaintiff: "[o]n March 6, 2018, my employer informed me I was discharged for threatening to kill the coworker who was threatening me." Id.

Plaintiff filed a document voluntarily dismissing Defendant Angela Hunter on May 23, 2018.

"Defendants Evelyn Hill And Sharon Cotton's Answer To Plaintiff's Complaint" (Document No. 10) was filed on June 8, 2018. Evelyn Hill ("Hill") and Sharon Cotton's ("Cotton") "…Answer…" states that Plaintiff was employed by Aladdin Food Management Services ("Aladdin") and that she was assigned to work at Charlotte Country Day School. (Document No. 10, p. 2). Hill and Cotton were also employed by Aladdin, while the other individual Defendants were apparently employed by Charlotte Country Day School. Id.

Also, on June 8, 2018, the Court granted Defendants Charlotte Country Day School ("CCDS"), Tish Treadaway ("Treadaway"), Lee Ann Black ("Black") and Burnice James ("James") an extension of time to answer or otherwise respond to the Complaint. See (Document Nos. 10 and 11). The "Answer Of Defendants Charlotte Country Day School, Tish Treadaway, Lee Ann Black, And Burnice James, To Plaintiff's Complaint" (Document No. 12) was then filed on June 22, 2018.

On September 10, 2018, Defendants CCDS, Treadaway, Black, and James ("Moving Defendants") filed the pending "Motion To Dismiss Plaintiff's Complaint Pursuant To Rules

12(B)(1) And 12(C) Of The Federal Rules Of Civil Procedure" (Document No. 14).[1]  Moving Defendants focus their arguments for dismissal on the Court's lack of subject matter jurisdiction and Plaintiff's failure to state a claim upon which relief can be granted.  (Document No. 15, pp.4-7).

The Court issued a "Roseboro Notice" on September 10, 2018, advising *pro se* Plaintiff of her right to respond to the pending motion and advising her that failure to file a timely and persuasive response would likely lead to dismissal of this action.  See (Document No. 16). Plaintiff's deadline to respond was September 24, 2018.  Id.  On October 18, 2018, the Court's "Order" (Document No. 16) that had been mailed to Plaintiff was returned to the Court and marked by the postal service as "Unclaimed Unable To Forward."  (Document No. 17).

Plaintiff's "Response" (Document No. 18) was eventually filed on October 19, 2018. Apparently, Plaintiff came to the courthouse on October 19, 2018, to check on the status of her case and was informed by the Clerk's staff of the pending motion to dismiss and the Roseboro Notice.  Plaintiff then completed her one-page, hand-delivered "Response," suggesting that she never received the motion to dismiss in the mail and stating that she still wants "to go ahead with this case."  (Document No. 18).  The Moving Defendants filed a "Notice Of Intent Not To File Reply Brief" (Document No. 19) pursuant to Local Rule 7.1(e) on October 23, 2018.

Based on the foregoing, the pending motion to dismiss is ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II.  STANDARD OF REVIEW

Plaintiff has the burden of proving that subject matter jurisdiction exists.  See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).  The

---

[1]  To date, Defendants Hill and Cotton have not moved to dismiss this action.  Moreover, it does not appear that Defendants Aladdin, Tamela Shankle or FNU Ithel have been served with the Summons and Complaint.

existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

Although Moving Defendants also seek dismissal for failure to state a claim upon which relief can be granted, they do so under Rule 12(c), noting that Rule 12(h)(2) provides for such a motion. (Document No. 15, p. 4). They then note that the standard to be applied to their Rule 12(c) motion is the same as a Rule 12(b)(6) motion. Id.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Moving Defendants first argue that "Plaintiff has not met the jurisdictional prerequisite of exhausting her administrative remedies with the EEOC," because none of the Moving Defendants are named in Plaintiff's Charge of Discrimination. (Document No. 15, pp. 5-6) (citing Document No. 1-1, p. 3). The Movants note that, in fact, the *only* entity identified in the Charge of Discrimination is Aladdin. Id. Moving Defendants also cite to instructive legal authority in support of their argument:

> The scope of a lawsuit under Title VII is limited by the scope of the underlying charge filed with the EEOC. Bryant v. Bell Atl. Md., Inc., 288 F.3d 124 (4th Cir. 2002). "Under Title VII…, a civil action may be brought only 'against the respondent named in the charge.'" Causey v. Balog, 162 F.3d 795 (4th Cir. 1998) (quoting 42 U.S.C. §

5

> 2000e-5(f)(1) (1994)). Accordingly, "Title VII precludes a plaintiff from stating a claim against any defendant not named as a respondent in an EEOC charge." Schilling v. Rutherford Pediatrics, P.A., 346 F.Supp.2d 828, [839] (W.D.N.C. 2004).

(Document No. 15, p. 5).

Based on the foregoing, Moving Defendants conclude that this Court lacks subject matter jurisdiction, and the claims against them should be dismissed. (Document No. 15, p. 6) (citing Lambert v. Mecklenburg Co., 3:15-CV-577-GCM, 2016 WL 3176593, *2-3 (W.D.N.C. 2016) (dismissing defendants who were not named in an underlying discrimination charge from a discrimination lawsuit pursuant to Rule 12(b)(1)).

In addition, Moving Defendants note that none of them are alleged to have discriminated against Plaintiff in violation of Title VII, on the basis of her religion or otherwise. (Document No. 15, p. 6). Moving Defendants add that even if Defendant CCDS had been named in the Charge, which it was not, there is no allegation that CCDS was Plaintiff's employer. Id. The only employer identified was Aladdin. Id. As such, Moving Defendants conclude that CCDS must be dismissed pursuant to Rule 12(c). Likewise, the Individual Defendants are not alleged to be Plaintiff's employer, or named in the Charge, and must also be dismissed pursuant to Fed.R.Civ.P. 12(c). (Document No. 15, pp. 6-7).

*Pro se* Plaintiff's "Response" was not timely filed and fails to address any of Moving Defendants' arguments or legal authority. (Document No. 18). At most, the Response simply asserts that Plaintiff would like to have this litigation continue. Id.

In contrast, the undersigned finds Moving Defendants' motion and supporting memorandum to be well-reasoned and persuasive. Moreover, the pending request for relief appears to be consistent with applicable legal authority. The undersigned notes that

> Actions under Title VII may be brought only against "an employer" as that term is defined in 42 U.S.C. § 2000e(b). See 42 U.S.C. § 2000e-2(a); Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998). Supervisors acting in their individual capacities are not employers under Title VII and are not proper defendants. See, e.g., Lissau, 159 F.3d at 180-81.

Brown v. Wake County Gov't, 2017 WL 2982971, at *3 (E.D.N.C. July 12, 2017). See also Caldwell v. U.S. Foods, Inc., 3:15-CV-234-RJC-DSC, 2016 WL 6803138, at *3 (W.D.N.C. Sept. 2, 2016) ("The Fourth Circuit has consistently held that employees, even supervisors, are not liable in their individual capacities under Title VII or the ADEA.") (citing Lissau, 159 F.3d 177) adopted by Caldwell, 2016 WL 6780336 (W.D.N.C. Nov. 15, 2016).

Based on Defendants' persuasive arguments and cited authority, the undersigned will recommend that the motion to dismiss be granted.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Moving Defendants' "Motion To Dismiss Plaintiff's Complaint Pursuant To Rules 12(B)(1) And 12(C) Of The Federal Rules Of Civil Procedure" (Document No. 14) be **GRANTED** and the claims against Defendants CCDS, Treadaway, Black, and James be **DISMISSED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure

to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: October 29, 2018

David C. Keesler
United States Magistrate Judge