# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-257-RJC-DCK

| | |
|---|---|
| RACHEL CARTER, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) MEMORANDUM AND<br>) RECOMMENDATION |
| ALADDIN FOOD SERVICES, EVELYN HILL, SHARON COTTON, TAMELA SHANKLE, and FNU ITHEL, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants Aladdin Food Management Services, Evelyn Hill, Sharon Cotton And Tamela Shankle's Motion To Dismiss Plaintiff's Complaint" (Document No. 22). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Plaintiff Rachel Carter ("Plaintiff" or "Carter"), appearing *pro se*, initiated this action with the filing of a form "Complaint" (Document No. 1) on May 15, 2018, pursuant to Title VII of the Civil Rights Act of 1964, as amended, for employment discrimination. The Complaint identifies "Charlotte Country Day," "Aladdin Food Services," "Trish Treadway," "Evelyn Hill," "Officer James," "Ithel," "Sharon Cotton," Tamela Shakle," "Angela Hunter," and "Lee-Ann Black" as Defendants. (Document No. 1).

Attached to the Complaint is a "Dismissal And Notice Of Rights" (Document No. 1-1, p.1) issued by the U.S. Equal Employment Opportunity Commission (the "EEOC") to Plaintiff on March 7, 2018. Also attached is Plaintiff's EEOC "Charge Of Discrimination" (Document No. 1-1, p. 3) (the "Charge"), dated March 6, 2018, alleging discrimination based on religion on March 6, 2018. "Aladdin" is identified as the employer on the Charge. (Document No. 1-1, p. 3). The Charge includes the following statement by Plaintiff: "[o]n March 6, 2018, my employer informed me I was discharged for threatening to kill the coworker who was threatening me." Id. Plaintiff alleges in her Complaint that she "quit on Feb. 22, 2018." (Document No. 1, p. 6).

Plaintiff filed a document voluntarily dismissing Defendant Angela Hunter on May 23, 2018.

"Defendants Evelyn Hill And Sharon Cotton's Answer To Plaintiff's Complaint" (Document No. 10) was filed on June 8, 2018. Evelyn Hill ("Hill") and Sharon Cotton's ("Cotton") "…Answer…" states that Plaintiff was employed by Aladdin Food Management Services ("Aladdin") and that she was assigned to work at Charlotte Country Day School. (Document No. 10, p. 2). Hill and Cotton were also employed by Aladdin, while the other individual Defendants were apparently employed by Charlotte Country Day School. Id. The "Answer Of Defendants Charlotte Country Day School, Tish Treadaway, Lee Ann Black, And Burnice James, To Plaintiff's Complaint" (Document No. 12) was then filed on June 22, 2018.

On September 10, 2018, Defendants Charlotte Country Day School ("CCDS"), Tish Treadaway ("Treadaway"), Lee Ann Black ("Black"), And Burnice James ("James") filed a "Motion To Dismiss Plaintiff's Complaint Pursuant To Rules 12(B)(1) And 12(C) Of The Federal Rules Of Civil Procedure" (Document No. 14).

The Court issued a "Roseboro Notice" on September 10, 2018, advising *pro se* Plaintiff of her right to respond to the pending motion and advising her that failure to file a timely and persuasive response would likely lead to dismissal of this action. See (Document No. 16). Plaintiff's "Response" (Document No. 18) was eventually filed on October 19, 2018.

On October 30, 2018, the undersigned issued a "Memorandum And Recommendation" (Document No. 20) recommending that the "Motion To Dismiss Plaintiff's Complaint Pursuant To Rules 12(B)(1) And 12(C) Of The Federal Rules Of Civil Procedure" (Document No. 14) be granted. Plaintiff did not file an objection, and the Honorable Robert J. Conrad, Jr. adopted the "Memorandum And Recommendation" (Document No. 20) on April 24, 2019 and dismissed the claims against Defendants CCDS, Treadaway, Black, and James (Document No. 21).

"Defendants Aladdin Food Management Services, Evelyn Hill, Sharon Cotton And Tamela Shankle's Motion To Dismiss Plaintiff's Complaint" (Document No. 22) was filed on May 9, 2019. Defendants Aladdin, Hill, Cotton and Tamela Shankle ("Shankle") seek dismissal pursuant to Fed.R.Civ.P. 12(b)(4), (5) and (6). See (Document Nos. 22 and 23). The undersigned promptly issued a "Roseboro Notice" (Document No. 24), and *pro se* Plaintiff's "Response" (Document No. 25) was filed on May 23, 2019. Defendants' Reply was filed on May 30, 2019.

The pending motion to dismiss is ripe for review and a recommendation to Judge Conrad.

## II.  STANDARD OF REVIEW

"The plaintiff bears the burden of establishing that the service of process has been accomplished in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure." Plant Genetic Systems, N.V., v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C.1996). "Generally, where a statute specifically prescribes the method by which to notify a party against whom a proceeding is commenced, service of the summons and complaint must be accomplished in that

manner." Thomas & Howard Co. v. Trimark Catastrophe Servs., 151 N.C.App. 88, 91 (2002) (citing Fulton v. Mickle, 134 N.C.App. 620, 623 (1999)). "While a defective service of process may give the defending party sufficient and actual notice of the proceedings, such actual notice does not give the court jurisdiction over the party." Id. (internal citation omitted). Fed.R.Civ.P. 4 is "there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, Inc. v. Penrod–Stauffer Building Systems, Inc., 733 F.2d 1087, 1089 (4th Cir.1984); see also McDaniel v. Greyhound Lines, Inc., 3:08-CV-130–FDW, 2008 WL 2704774 at *4 (W.D.N.C. July 7, 2008). "When the defense challenges service, 'the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4.'" Mallard v. MV Transp., Inc., 2012 WL 642496 at *2 (D.Md. Feb. 27, 2012) (quoting O'Meara v. Waters, 464 F.Supp.2d 474, 476 (D.Md.2006)).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendants seek dismissal of Aladdin and Shankle pursuant to Fed.R.Civ.P. 12(b)(4) and (5) based on insufficiency of process and insufficiency of service of process; and Defendants seek dismissal of Hill, Cotton, and Shankle pursuant to 12(b)(6) because they cannot be held individually liable under Title VII. (Document No. 23, pp. 2-3).

Defendants contend that Plaintiff bears the burden of establishing that sufficient service of process has been accomplished and that there has been no known effort to effectuate service on Aladdin and Shankle – even though the Summons and Complaint were served on other Defendants. (Document No. 23, pp. 3-6) (citing Adkins v. Jackson, 5:15-CV-102-FDW, 2018 WL 1279338, at *2 (W.D.N.C. Mar. 12, 2018); Fed.R.Civ.P. 4(e) and (h); and N.C.R.Civ.P. 4(j)(1) and (8)). Defendants note that the Court observed the lack of service on Aladdin and Shankle on October

30, 2018, and Plaintiff has still failed to effectuate proper service.  (Document No. 23, pp. 4-5, n. 2).

In addition, Defendants argue that the claims against Hill, Cotton, and Shankle fail because "Title VII claims cannot be asserted against coworkers or supervisors in their individual capacity." (Document No. 23, p. 7) (citing Abeles v. Metro. Washington Airports Authority, 676 Fed.Appx. 170, 177 (4th Cir. 2017) (upholding dismissal of claim against plaintiff's supervisors pursuant to "blanket rule" that supervisors cannot be individually liable under Title VII);  and Lissau v. S. Food Serv., Inc., 159 F.3d 177, 180–81 (4th Cir. 1998) (upholding summary judgment as to plaintiff's supervisor and reiterating that Title VII "foreclose[s] individual liability")).  Defendants conclude that as Plaintiff's coworkers at CCDS and fellow employees of Aladdin – Hill, Cotton, and Shankle must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

*Pro se* Plaintiff's "Response" was timely filed but fails to address any of Defendants' arguments or legal authority.  (Document No. 25).  The Response simply asserts that Plaintiff feels that the case should *not* be dismissed and that she would like to have her "day in Court."  Id.

In "…Reply…," Defendants assert that "Plaintiff's Response fails to address any of the arguments made by Defendants in their Motion to Dismiss and fails to allege any additional facts or legal arguments that would allow her claims to withstand dismissal." (Document No. 26, p. 1). Defendants also reassert that Plaintiff has ignored her service obligations as to Aladdin and Shankle, and that Hill, Cotton, and Shankle cannot be held individually liable under Title VII. (Document No. 26).

The undersigned finds Defendants' motion and supporting briefs to be well-reasoned and persuasive.  Based on Defendants' persuasive arguments and cited authority, the undersigned will recommend that the pending motion to dismiss be granted.

6

The sole remaining Defendant in this action is someone identified only as "Ithel," who allegedly worked as a dishwasher.  See (Document No. 1, p. 3).  There does not appear to be any indication that Ithel was served with a Summons and Complaint;  and the only allegation involving Ithel seems to be that she told Plaintiff she was a jerk.  (Document No. 1, p. 5).  As such, the undersigned will recommend that the case be dismissed in its entirety as to all Defendants.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants Aladdin Food Management Services, Evelyn Hill, Sharon Cotton And Tamela Shankle's Motion To Dismiss Plaintiff's Complaint" (Document No. 22) be **GRANTED** and this action be **DISMISSED** in its entirety.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: January 13, 2020

David C. Keesler
United States Magistrate Judge

8